■ MARC RAY et al., Respondents, v JAMA PRODUCTIONS, INC., et al., Defendants,' and D-M RESTAURANT CORPORATION, Appellant.—In a proceeding to hold defendant D-M Restaurant Corporation in contempt, said corporation appeals from a judgment of the Supreme Court, Kings County, entered June 4, 1979, which upon holding it in contempt, directed it to pay the plaintiffs the principal sum of $10,000. Judgment affirmed, with costs. On November 25, 1975 a judgment was entered against a theatrical performer (the judgment debtor) in an action brought by the plaintiffs herein. On November 28, 1975 plaintiffs served a restraining notice, pursuant to CPLR 5222, upon defendant D-M Restaurant Corporation (D-M Corp). The restraining notice generally enjoined D-M Corp. from transferring any income, money or money due or to become due from it to the judgment debtor, "or any corporation, business or entity or other designee appointed by the said judgment debtor, or any other party or person having some relationship to the said judgment debtor". Prior to the service of the restraining notice, D-M Corp. had entered into a contract with a theatrical organization which called for the judgment debtor to provide entertainment at a restaurant for a two-week period in 1975. Notwithstanding the restraining notice, D-M Corp. paid the sum of $10,000 to the theatrical organization. A determination of whether D-M Corp.'s transfer of this sum of money was in violation of the restraining notice requires an examination of the relationship between the judgment debtor and the specific property involved. D-M Corp. asserts that the performer had no interest in the money transferred. However, it is clear that although the performer was not to receive the money directly, it was to be utilized to satisfy his debts and expenses. Thus, he derived the benefits thereof. One may not circumvent the mandates of a

restraining notice by claiming that the judgment debtor has no interest in the money merely because he will not acquire physical possession of such money. The fact that a judgment debtor will directly benefit from the payment of this sum is sufficient to require the party served with the restraining notice to comply with the provisions or be subject to the appropriate legal sanctions. Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.