UNITED STATES of America, Plaintiff,

v.

**ALL FUNDS ON DEPOSIT IN ANY AC-COUNT AT CERTAIN FINANCIAL IN-STITUTIONS HELD IN THE NAMES OF CERTAIN INDIVIDUALS, et al., Defendants.**

**No. CV–90–4117 (ADS).**

United States District Court, E.D. New York.

June 17, 1991.

Andrew J. Maloney, U.S. Atty., E.D.N.Y. by Paul Weinstein, Asst. U.S. Atty., Brooklyn, N.Y., for U.S.

Goltzer & Adler, New York City (Charles D. Adler, of counsel), for claimant Francisco A. Murillo.

## OPINION AND ORDER

SPATT, District Judge.

In *United States v. Monsanto,* 924 F.2d 1186 (2d Cir.1991) (*en banc*) (*"Monsanto IV"*), the Second Circuit held that in the context of a criminal forfeiture proceeding the Fifth and Sixth Amendments require an adversary, post-restraint, pretrial hearing as to probable cause to continue the restraint of assets needed to retain counsel of choice. Less than six months later, this Court is faced with the issue of whether the *Monsanto IV* safeguards are equally applicable in a civil forfeiture proceeding when the claimant is also the defendant in the related criminal action. For the reasons that follow, this Court is of the view that under the circumstances presented here, the rule enunciated in *Monsanto IV* applies equally in this case.

## I. PRELIMINARY STATEMENT

Claimant Francisco A. Murillo ("Murillo"), moves pursuant to Rule 12 of the Admiralty Rules of the United States District Courts for the Southern and Eastern Districts of New York, as well as the Fifth and Sixth Amendments of the Constitution, for the release of $100,000 of funds previously attached by an *ex parte* order, so he can retain private counsel of his choice to defend him in the related ongoing criminal action.

The plaintiff United States of America ("the Government"), cross-moves pursuant to Fed.R.Civ.P. 56(a), for summary judgment, and also for a stay of this civil forfeiture proceeding pending a disposition of the criminal action, pursuant to 18 U.S.C. § 981(g) and 21 U.S.C. § 881(i). In addition, Murillo cross-moves to dismiss the action as to four of the six seized bank accounts, on the ground that they are located outside of the Eastern District of New York, and therefore the Court lacks subject matter jurisdiction over the *res.*

Oral argument was held by the Court on June 7, 1991 and June 14, 1991. On June 14, 1991, the Government waived any objection to the conceded untimeliness of Murillo's cross-motion to dismiss, relying solely on oral argument as to that issue.

## II. FACTUAL BACKGROUND

By criminal complaint dated October 19, 1990, Murillo was charged in the Eastern District of New York (CR–90–1336–M) with knowingly and intentionally structuring financial transactions with a domestic financial institution (*see* 31 U.S.C. § 5324; 18 U.S.C. § 3551). Specifically, Murillo is charged with breaking down the amount of cash in excess of $10,000 and making cash deposits in the Bank of New York, Garden City, and other banks, such as Chemical Bank, of less than $10,000 with the purpose of causing the bank not to file a currency transaction report ("CTR") with respect to the deposits.

On or about May 16, 1991, a Grand Jury returned a 111–count indictment charging Murillo with conspiracy to illegally transfer funds out of the United States through structuring financial transactions to avoid CTR requirements in violation of 31 U.S.C. §§ 5313(a) and 5324(3). Murillo was arraigned by this Court on the indictment on June 7, 1991, entering a plea of not guilty.

In the interim, on December 3, 1990, the Government commenced this civil action pursuant to 18 U.S.C. § 981 and 31 U.S.C. § 5324, by filing a verified complaint *in rem* seeking the forfeiture of all funds contained in numerous bank accounts in the names of Murillo, his wife and his daughter. The Government alleges that these funds have been involved in or are the proceeds of Murillo's alleged criminal activities. On that same day, this Court issued, *ex parte,* a warrant for the arrest of the funds *in rem,* which attached all funds on deposit in the banks, including the following six accounts to which Murillo now asserts a claim:[1]

(1) Chemical Bank, 52 Broadway, New York, New York, Account No. 06311264,

---

1. Other bank accounts are also the subject of this action, but claimant Francisco Murillo asserts no claim over them.

in the name of Francisco and Minerva Murillo, in the amount of $7,780.51;[2]

(2) Chemical Bank, 52 Broadway, New York, New York, Account No. 016592387, in the name of Francisco Murillo, in the amount of $8,409.87;

(3) Chemical Bank, 52 Broadway, New York, New York, Account No. 001375814, in the name of Francisco and Minerva Murillo, in the amount of $17,442.87;

(4) Bank of New York, Stewart Avenue, Garden City, New York, Account No. 403201552, in the name of Francisco Murillo, in the amount of $3,829.21;

(5) Long Island Savings Bank, 1150 Franklin Avenue, Garden City, New York, Account No. 02180413727, in the name of Francisco Murillo, in the amount of $10,575.34; and,

(6) Merrill Lynch, 2 Broadway, New York, New York, Account No. 84031253, in the name of Francisco and Minerva Murillo, in the amount of $290,731.20.

Murillo now seeks to have the restraining order vacated to the extent that he requests that $100,000 be released from the seizure to enable him to retain private counsel of his choice to defend the parallel criminal action.

### III. DISCUSSION

As stated above, before the Court at this time are four motions: (1) Murillo's motion to dismiss as to four of the accounts for lack of subject matter jurisdiction; (2) The Government's motion for partial summary judgment; (3) Murillo's motion to have $100,000 of the seized funds released; and, (4) The Government's motion for a stay. Each of these motions is considered separately below.

(1) *Murillo's Motion to Dismiss for Lack of Jurisdiction:*

■ Murillo contends that since four of the six bank accounts seized are located in Manhattan, within the confines of the Southern District of New York, this Court

lacks subject matter jurisdiction over the *res* with respect to those accounts. In support of his argument, Murillo relies on 28 U.S.C. § 1395(b), which provides as follows:

"(b) A civil proceeding for the forfeiture of property *may* be prosecuted in any district where such property is found" (emphasis supplied).

For the reasons that follow, the Court finds Murillo's argument to be without merit.

Pursuant to 28 U.S.C. § 1345, federal district courts have exclusive jurisdiction over all actions where the United States is a plaintiff. Furthermore, 28 U.S.C. § 1355 provides that original exclusive jurisdiction over all actions or proceedings for forfeiture rests with the district courts. Clearly, "subject matter" jurisdiction over the civil forfeiture of Murillo's bank accounts pursuant to 18 U.S.C. § 981 is proper in this Court.

■ The Court must next determine whether venue over the four accounts maintained in Manhattan is proper in this district. To make this determination, the Court turns to section 981(h) of Title 18 U.S.C., which specifically provides that,

*"[i]n addition to* the venue provided for in section 1395 of title 28 or any other provision of law, in the case of property of a defendant charged with a violation that is the basis for forfeiture of the property under this section, a proceeding for forfeiture under this section may be brought in the judicial district in which the defendant owning such property is found *or in the judicial district in which the criminal prosecution is brought"* (emphasis supplied).

Section 981(h), therefore, expressly creates a specific alternative for venue of civil forfeiture proceedings *in addition to* the venue provisions of 28 U.S.C. § 1395, governing venue of civil proceedings to recover fines, penalties or forfeiture in general. This section explicitly contemplates venue of civil forfeiture proceedings in the judi-

---

**2.** The amounts indicated are the amounts that were on deposit at the time the accounts were frozen.

cial district where the parallel criminal action is prosecuted. As a practical matter, this avoids piecemeal forfeiture proceedings in district courts throughout the country where the criminal defendant owns or has an interest in property located outside of the district within which he or she is being criminally prosecuted.

■ Finally, the Court also notes that the venue provision relied upon by Murillo is couched in permissive terms—"[a] civil proceeding ... *may* be prosecuted in any district where such property is found"—and is not a mandatory direction. Accordingly, the Court finds that subject matter jurisdiction exists over this action and that venue of all six bank accounts is proper in the Eastern District of New York. As such, Murillo's motion to dismiss for lack of subject matter jurisdiction is denied.

**(2) *The Government's Motion for Partial Summary Judgment:***

The Government moves for summary judgment pursuant to Fed.R.Civ.P. 56(a) as to the six bank accounts. Specifically, the Government alleges that these accounts were used in over one-hundred separate transactions allegedly structured so as to avoid currency transaction reporting requirements in violation of 31 U.S.C. § 5324.

■ To establish forfeitability under 18 U.S.C. § 981(a)(1)(A), the Government is required to demonstrate that "probable cause" exists for the forfeiture (*see United States v. Banco Cafetero Panama*, 797 F.2d 1154, 1160 [2d Cir.1986]), which entails a showing of "reasonable grounds, rising above the level of mere suspicion, to believe that certain property is subject to forfeiture" (*United States v. Premises and Real Property at 4492 South Livonia Road*, 889 F.2d 1258, 1267 [2d Cir.1989]). Once the Government establishes probable cause, the burden shifts to the claimant to prove that the factual predicates for forfeiture under the statute have not been met (*see United States v. Premises and Real Property at 4492 South Livonia Road, supra*, 889 F.2d at pp. 1267–68). Where the claimant fails to come forward with such evidence, "summary judgment may be

granted for the government solely upon the basis of its showing of probable cause" (*id.* at p. 1267).

■ Upon a review of the submissions by the parties, the Court finds that questions of fact exist as to whether or not, and the extent to which, the funds on deposit represent fruits of illegal activity through structuring financial transactions to avoid the CTR requirements. Additionally, questions of fact exist as to whether Murillo in fact made the statements to Government agents, attributed to him, concerning the alleged structuring.

Contrary to the well-settled standard on a motion for summary judgment, the Government nonetheless seeks this Court to draw all reasonable inferences in favor of it, rather than the non-movant as is required (*see Liscio v. Warren*, 901 F.2d 274, 276 [2d Cir.1990] [court must resolve all ambiguities and draw all reasonable inferences in the light most favorable to the party opposing the motion]; *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 [2d Cir.1986] [same], *cert. denied*, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 [1987]).

Accordingly, the motion of the Government for partial summary judgment is denied.

**(3) *Murillo's Motion to Seek the Release of Funds:***

■ Murillo seeks the release of $100,-000 from the six bank accounts in order to enable him to retain private counsel to defend the criminal action against him. He bases this application on Local Admiralty Rule 12 and pursuant to the Fifth and Sixth Amendments to the United States Constitution as construed by *Monsanto IV*.

The Government contends that *Monsanto IV* is inapplicable to a civil forfeiture proceeding and, in any event, Murillo has access to sufficient unattached funds to retain private counsel. Specifically, the Government alleges that it did not attach approximately $300,000 of Murillo's assets and that he is also an owner and officer of a plastics factory in Columbia.

In *Monsanto IV*, the Second Circuit held that together, the Fifth and Sixth Amendments require an adversarial, post-restraint, pretrial hearing as to probable cause that (a) the defendant committed crimes that provide a basis for forfeiture, and (b) the properties specified as forfeitable in the indictment are properly forfeitable, to continue a restraint of assets (i) needed to retain counsel of choice and (ii) ordered *ex parte* pursuant to 21 U.S.C. § 853(e)(1)(A) (*see* 924 F.2d at p. 1203).

It is undisputed that *Monsanto IV* involved a purely *criminal* forfeiture proceeding decided within the context of a criminal action, in which the district court entered an *ex parte* restraining order, prohibiting defendant Monsanto from transferring his home or apartment pending the outcome of the criminal trial.

In a criminal forfeiture proceeding, upon the defendant's conviction all assets derived from the commission of the offenses are forfeited (*see* 21 U.S.C. § 853[a]). There is a rebuttable presumption that upon conviction of the illegal activity, the property of the defendant is subject to forfeiture (*see* 21 U.S.C. § 853[d]).

In contrast, in a civil forfeiture proceeding, like this one, forfeiture does not occur until after discovery and a plenary trial. As discussed above, in a civil forfeiture proceeding, the Government must establish that probable cause exists for the forfeiture (*see United States v. Premises and Real Property at 4492 South Livonia Road, supra,* 889 F.2d at pp. 1267–68).

The issue before the Court, therefore, is one of apparent first impression post-*Monsanto IV*, namely, whether the procedural safeguards and requirements set forth in *Monsanto IV*, apply equally in a civil forfeiture proceeding, when the civil forfeiture proceeding is based on the same allegedly illegal activities and conduct that form the basis of the related criminal action, and the claimant is also the defendant in the criminal case. This precise issue was presented before the Second Circuit in *United States v. $876,915.00,* 874 F.2d 104 (2d Cir.1989), which was decided while *Monsanto III* was pending before the Su-

preme Court. In *$876,915.00,* Judge Pratt expressly declined to decide the issue of whether *Monsanto* is equally applicable to civil forfeiture proceedings, in light of *Monsanto III* pending in the Supreme Court.

In the instant case, the situation is similar to that presented in *$876,915.00,* where a civil forfeiture proceeding has been brought parallel with a related criminal action, and the claimant in the civil case (who is also the defendant in the criminal case), seeks to vacate an *ex parte* restraining order that froze funds, in order to enable him to retain private counsel of his choice to defend the criminal action.

Although the *$876,915.00* court refrained from deciding the issue and specifically stated that it was not setting precedent, Judge Pratt noted that the claimant in that civil forfeiture proceeding found "himself realistically in the identical situation we encountered in *Monsanto:* He desires to hire an attorney of his choice to defend him against the criminal charges, but is unable to do so because the government has tied up all his assets in a forfeiture proceeding, claiming that the assets are proceeds of the very criminal activity underlying the indictment against which he is attempting to defend himself in the first place" (874 F.2d at p. 107). This is the precise situation presented here.

Murillo contends that *Monsanto IV* applies in this case, since he is effectively in the same position as the defendant in *Monsanto IV*; that is, he seeks to use funds seized in the civil forfeiture case to retain private counsel to defend him in the related criminal case. The Government contends that *Monsanto IV* is inapplicable to civil forfeiture proceedings and applies only to criminal forfeiture proceedings. The Government further alleges that to afford the claimant in the civil suit the procedural safeguards of *Monsanto IV*, would abrogate the civil forfeiture proceeding since the ultimate issue to be determined later at trial is precisely whether "probable cause" exists for forfeiture.

Although the Court recognizes that *$876,915.00, supra,* is not to be used as

precedent, this Court finds the rationale of that decision to be persuasive. Murillo is the defendant in the parallel criminal action. The 111 counts in the indictment constitute the allegedly illegal activities giving rise to the potential forfeitability of the funds seized and sought in this case. Where the criminal defendant is also a claimant in the related civil forfeiture proceeding, which is based on the same allegedly illegal activities that form the basis of the criminal action, then, as Judge Pratt observed, he or she effectively shares the same position as the defendant in a criminal forfeiture proceeding brought directly in the context of a criminal action. Under both scenarios, the Government's seizure of all assets implicates the Fifth and Sixth Amendment rights of the defendant-claimant, when that person claims that the seizure is improperly denying him access to private counsel.

Accordingly, in light of the pronouncements set forth in *Monsanto III* and *Monsanto IV*, as well as the rationale in *$876,-915.00*, this Court is of the view that under such circumstances, an adversarial post-restraint "probable cause" hearing must be held at this juncture.

However, this hearing shall only be conducted if the Government first fails to show that Murillo has an interest in, access to or possession of funds or assets other than those contained in the six bank accounts sufficient to enable him to retain private counsel. If the Government shows that Murillo has access to other sufficient unattached funds, then no hearing under *Monsanto IV* is to be held. Thus, the Government bears the initial burden to establish by a fair preponderance of the credible evidence that Murillo has access to or possession of unattached funds or assets so as to enable him to retain private counsel.

■ If Murillo has no such funds, then a hearing under *Monsanto IV* shall be conducted, at which time the Court may consider evidence that might otherwise be inadmissible under the Federal Rules of Evidence (*see Monsanto IV, supra*, 924 F.2d at p. 1203). At the *Monsanto IV* hearing, the Government must establish, by a fair preponderance of the credible evidence, that there is probable cause to forfeit the funds. The claimant then shall be afforded the opportunity to establish any defense to forfeiture (*cf. United States v. Leasehold Interest in 121 Nostrand Avenue*, 760 F.Supp. 1015, 1028–29 [E.D.N.Y.1991] [Weinstein, J.] [scope of interim pre-seizure hearing includes opportunity to present defenses]).

(4) *Stay of the Civil Forfeiture Proceeding:*

■ Relying on this Court's decision in *United States v. Leasehold Interests in 118 Avenue D*, 754 F.Supp. 282 (E.D.N.Y. 1990), the Government seeks a stay of this action pending a disposition of the related criminal action, pursuant to 18 U.S.C. § 981(g) and 21 U.S.C. § 881(i). As stated in *Leasehold Interests in 118 Avenue D, supra*, however, "mere conclusory allegations of *potential* abuse or simply the *opportunity* by the claimant to improperly exploit civil discovery ... will not avail on a motion for a stay" (754 F.Supp. at p. 287 [emphasis in original]). Here, the Government fails to point to any specific discovery request or abuse that has taken place or any other compelling reason why the forfeiture action should be stayed at this time. In addition, since the Court has ordered the hearing as set forth above, discovery should not be stayed.

Accordingly, the Government having failed to establish good cause in support of its application for a stay, the motion is denied.

## IV. CONCLUSION

Based upon the foregoing, the motions are decided as follows:

1. The motion of the claimant Francisco Murillo to dismiss the action as to four of the six bank accounts for lack of subject matter jurisdiction, is denied.

2. The motion of the Government for partial summary judgment is denied.

3. The motion of the claimant Francisco Murillo for a hearing pursuant to *Monsanto IV*, is granted, in part. The issues to be

determined by the hearing are as follows: (i) whether the claimant has an interest in, possession of or access to funds and/or assets other than those contained in the six seized bank accounts sufficient to permit him to retain private counsel for the defense of the related criminal action; and, if not, then (ii) whether there exists probable cause to believe that $100,000 of the restrained assets represent the proceeds of the offenses that are the subject of the criminal action; and, if so, then (iii) whether the defendant has any defense to forfeiture. If the Government establishes that Murillo has access to funds or assets other than those seized, there shall be no *Monsanto IV* hearing.

The matter is hereby referred to United States Magistrate Judge Michael L. Orenstein, to conduct a hearing and to prepare a report and recommendation to this Court on these issues.

4. The motion of the Government for a stay of this action in its entirety pending a disposition of the criminal action, is denied, with leave to renew at a later time if the circumstances so warrant.

SO ORDERED.