UNITED STATES of America, Plaintiff,

v.

Richard COLUCCIO, Defendant.

No. CR–87–0077.

United States District Court,
E.D. New York.

Feb. 2, 1994.

Elliot M. Schachner, Asst. U.S. Atty., Brooklyn, NY, for plaintiff.

Anthony J. Del Duca, Joseph S. Lobenthal, Jr., New York City, for Theresa Coluccio.

## MEMORANDUM AND ORDER

GLASSER, Senior District Judge:

This civil action stems from criminal proceedings brought against defendant Richard Coluccio. The United States has made an application pursuant to the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001 *et seq.* (the "FDCPA"), to execute upon a cost bond posted in an administrative forfeiture proceeding. Defendant's mother, Theresa Coluccio, has claimed that she paid for the cost bond and that therefore the amount of the bond—$2,500—should be returned to her. For the reasons set forth below, Ms. Coluccio's request is denied.

## FACTS

I. *Background*

On March 3, 1987, the defendant pleaded guilty to one count of violation of the federal narcotics laws. On April 16, 1987, he was sentenced by Judge Bramwell to twelve

years of imprisonment, a $150,000 fine and a special assessment of $150.[1]

On September 29, 1986, the DEA seized a Piper Aztec airplane (the "plane") owned by defendant. The DEA thereafter commenced an administrative forfeiture proceeding against the plane pursuant to 21 U.S.C. § 881. By notice of the proceeding mailed to the defendant on December 31, 1986, he was informed that if he wished to contest the forfeiture, he would have to file a cost bond in the amount of $2,500 pursuant to 19 U.S.C. § 1608. (Declaration of Elliot M. Schachner, Dated July 27, 1992 ("Schachner Decl.") Ex. 9).

Defendant submitted a cashier's check in the amount of $2,500 to the DEA by letter dated January 20, 1987 from the attorney then representing him. (Schachner Decl. Ex. 10). The letter read in relevant part:

> Enclosed please find a cashier's check in the amount of $2,500.00 which is to be used to contest the forfeiture of the asset seized from my client.

> Also enclosed is a claim of ownership filed on behalf of my client. . . .

(Schachner Decl. Ex. 10).

In March 1991, the Government commenced a civil forfeiture proceeding against the plane pursuant to 21 U.S.C. §§ 881(a)(6) & 881(a)(4) in an action captioned *United States v. One 1969 Piper Aztec*, CV–91–1010. (Schachner Decl. Ex. 11). The defendant, as a claimant in the action, moved to dismiss the complaint, and by order dated March 23, 1992, Judge Spatt dismissed the complaint on the grounds that it did not set forth sufficient evidence of probable cause and was not pleaded with sufficient particularity. Judge Spatt granted the Government leave to file an amended complaint within 30 days, and when the Government did not do so, Judge

Spatt dismissed the action by order dated May 6, 1992. (Schachner Decl. Ex. 14 & 15).

### A. *The Plane Application*

In April 1992, the Government filed and served upon defendant an Application for Writ of Execution (the "Plane Application") pursuant to the FDCPA, 28 U.S.C. § 3202(b). The Plane Application stated, in relevant part, that the United States intended to sell the plane and to apply the sale proceeds to satisfy defendant's obligation to pay the criminal fine. (Schachner Decl. Ex. 16).

The defendant objected to the Plane Application by letter dated April 28, 1992 and requested that a hearing be held in the district where he presently is incarcerated—the United States District Court for the Eastern District of Michigan. (Schachner Decl. Ex. 17). By order dated May 20, 1992, Judge Sifton transferred the action to Michigan, (Schachner Decl. Ex. 17), and the Michigan court granted the Plane Application in December 1992. (Govt's Ex. 23, 24).

### B. *The Cost Bond Application*

The Government filed a second Application for Writ of Execution (the "Cost Bond Application") pursuant to 28 U.S.C. § 3202(b) on June 12, 1992. The Cost Bond Application notified the defendant that the Government intended to execute upon the cost bond filed in January 1987, described as follows:

> The amount of Two thousand and Five hundred which originally was posted as a cost bond in Drug Enforcement Administration Case # C5867002, Seizure # 17363 and deposited into the U.S. Marshall Asset Forefeiture [sic] Fund.

(Schachner Decl. Ex. 19). Defendant has not requested a hearing concerning the Cost Bond Application.[2]

---

1. *After pleading guilty to a drug charge and a* weapon charge in violation of N.Y.Penal Law §§ 220.41 & 265.03, on April 17, 1987, defendant was sentenced to a prison term of eight years to life on the drug charge and four years to life on the weapon charge, the sentences to run concurrent with the sentence imposed by Judge Bramwell.

2. Defendant moved for a reduction of the fine pursuant to Fed.R.Civ.P. 35 by motion dated

March 26, 1993. *This Court reduced the principal amount of the fine from $150,000 to $125,-000 by order dated April 30, 1993. (Govt's Ex. 22). However, by order dated June 10, 1993, this Court denied defendant's motion to stay enforcement of the April 30 order pending defendant's appeal to the Second Circuit. (Govt's Ex. 21). The amount currently owed by defendant, including interest, is $253,565.82. (Govt's Ex. 26).*

## II. *The Present Matter*

The Government also served a copy of the Cost Bond Application on Ms. Coluccio because she asserted an interest in the cost bond.

> Specifically, in a telephone conversation with [Elliot Schachner] in late May 1992, Ms. Coluccio claimed that she had paid for the cost bond and asked that it be returned to her.

(Schachner Decl. ¶ 20). In another conversation on July 1, Ms. Coluccio allegedly told Mr. Schachner that the payment was not a loan to her son, and claimed that the funds used to pay for the cost bond came from an account maintained in her name at the Greater New York Savings Bank. (Schachner Decl. ¶ 21).

Ms. Coluccio claims that her son approached her on January 17, 1987 in need of money to post a cost bond. She alleges that "[a]s most mothers would, I did not ask any questions or negotiate or discuss any terms of repayment"; rather, that same day, she went to The Greater New York Savings Bank and withdrew money from two different savings accounts.[3] Supplementing this with whatever cash she had on hand, Ms. Coluccio alleges that she obtained a cashier's check in the amount of $2,500, which she gave to defendant's lawyer "for the purpose indicated." Ms. Coluccio further alleges that "[d]efendant does not now and never has had any interest or right, substantial or otherwise, in and to this money." (Coluccio Aff. ¶¶ 4–9).

On June 16, 1992, Ms. Coluccio filed a request for a hearing on this matter with the Clerk of the Court. (Schachner Decl. ¶ 20).

The hearing was conducted on September 24, 1993.

## DISCUSSION

■ The Government claims that the fine owed by defendant is a "debt" within the meaning of section 3002(3)(B) of the FDCPA,[4] and that the FDCPA therefore provides the exclusive civil procedures for recovery. 28 U.S.C. § 3001(a)(1).[5] The Government contends that the cost bond is subject to execution pursuant to 28 U.S.C. § 3203(a)—which subjects to execution "[a]ll property in which the judgment debtor has a substantial nonexempt interest...."—regardless of whether or not Ms. Coluccio provided the funds for the bond.

Ms. Coluccio, in turn, claims that the cost bond is not subject to forfeiture because it is her property. She also claims that the bond is not subject to forfeiture because pursuant to 19 U.S.C. § 1608[6]—which requires posting of a cost bond to contest a forfeiture proceeding—if the claimant prevails, the bond should be returned promptly to the claimant, and not retained by the Government. 19 U.S.C. § 1608. Alternatively, Ms. Coluccio argues that the Government filed the Cost Bond Application prematurely.

This action to recover the fine owed by defendant indeed falls within the ambit of the FDCPA. 28 U.S.C. §§ 3001(a)(1); 3002(3)(B); *United States v. Gelb*, 783 F.Supp. 748, 752 (E.D.N.Y.1991). But whether or not the Government can levy upon the cost bond pursuant to a writ of execution turns on the identity of the cost bond as "property in which the judgment

---

**3.** Ms. Coluccio claims that she withdrew $1,000 from account number 41092428 and $400 from account number 06–118672–5. (Coluccio Aff. ¶ 6).

**4.** 28 U.S.C. § 3002(3)(B) defines "debt" in relevant part as "an amount that is owing to the United States on account of a ... fine...."

**5.** 28 U.S.C. § 3001(a)(1) provides:
(a) [The FDCPA] provides the exclusive civil procedures for the United States—
  (1) to recover a judgment on a debt....

**6.** 19 U.S.C. § 1608 provides in relevant part:

Any person claiming such vessel, vehicle, aircraft, merchandise, or baggage may at any time within twenty days from the date of the first publication of the notice of seizure file with the appropriate customs officer a claim stating his interest therein. Upon the filing of such claim, and the giving of a bond to the United States in the penal sum of $5,000 or 10 percent of the value of the claimed property, whichever is lower, but not less than $250 ... conditioned that in case of condemnation of the articles so claimed the obligor shall pay all the costs and expenses of the proceedings to obtain such condemnation....

debtor has a substantial ... interest." 28 U.S.C. § 3203(a).

As a threshold matter, each party seems to assume that the other bears the burden of proving ownership of the subject property. Reference to the standing requirements of the civil forfeiture laws is instructive on this burden of proof question.

■■■ The burden of proof to establish sufficient standing to contest a forfeiture rests with the claimant. *Mercado v. United States Customs Service,* 873 F.2d 641, 644 (2d Cir.1989). To establish standing, the claimant must demonstrate a possessory or ownership interest in the property that is the subject of the forfeiture proceeding. *Id.; United States v. One 1982 Porsche 928,* 732 F.Supp. 447, 451 (S.D.N.Y.1990). "While ownership may be proven by actual possession, dominion, control, title and financial stake, '[t]he possession of bare legal title to the res may be insufficient,' absent other evidence of control or dominion over the property." *One 1982 Porsche,* 732 F.Supp. at 451 (cites omitted); *cf. United States v. Certain Real Property,* 945 F.2d 1252, 1255 (2d Cir.1991) (once Government establishes probable cause that property was used to facilitate drug crimes, burden shifts to owner to establish "innocent owner" defense); *United States v. All Funds on Deposit,* 767 F.Supp. 36, 40 (E.D.N.Y.1991) (once Government establishes probable cause for civil forfeiture, burden shifts to claimant to prove that factual predicates for forfeiture under statute have not been met).

■ By analogy, then, the burden of proof is on the claimant—Ms. Coluccio—to demonstrate her ownership of the $2,500. Ms. Coluccio has provided written documentation proving that $1,400 of the $2,500 came from savings accounts maintained in her own name. She testified that she withdrew funds from these two different accounts and supplemented that amount with cash she had on hand. The court found Ms. Coluccio's testimony credible, and concludes that she has satisfied her burden of proving ownership of the $2,500.

However, the fact that Ms. Coluccio has proven ownership of the $2,500 does not end the inquiry. Rather, this court still must decide whether the defendant has a "substantial ... interest" in the property, subjecting it to forfeiture under 28 U.S.C. § 3203(a).

■ Research has yielded no cases construing the terms "property" or "interest" within the meaning of the FDCPA. The legislative history for the FDCPA indicates that " 'property' is defined broadly to encompass *all present and future interests* in real and personal property...." H.R.Rep. No. 101–736, 101st Cong., 2d Sess. (1990), reprinted in 1990 U.S.C.C.A.N. 6472, 6630, 6631 (emphasis added). For further guidance, reference to New York law governing enforcement of money judgments is particularly appropriate, given that the FDCPA was designed to create a uniform framework for collection of federal debts from the "patchwork of State laws governing collection procedures." *Id.; see also Nat'l Labor Relations Bd. v. E.D.P. Medical Computer Sys., Inc.,* 6 F.3d 951, 954 (2d Cir.1993).

*Ray v. Jama Productions, Inc.,* 74 A.D.2d 845, 425 N.Y.S.2d 630 (2d Dep't), *appeal denied,* 49 N.Y.2d 709, 429 N.Y.S.2d 1026, 406 N.E.2d 1354 (1980), cited by the Government, indicates that a debtor has an "interest" in property utilized to satisfy his or her debts or expenses. In that case, a judgment was entered against a theatrical performer (the "judgment debtor") in an action brought by plaintiff Ray. Pursuant to N.Y.Civ. Prac.L. & R. 5222, which permits a restraining notice to "be served upon any person, except the employer of a judgment debtor where the property sought to be restrained consists of wages or salary due or to become due to a judgment debtor," a restraining notice was served on defendant D–M Restaurant Corporation ("D–M"). Prior to receiving the restraining notice, D–M had entered into a contract with a theatrical organization which called for the *judgment debtor* to provide entertainment at a restaurant. D–M thereafter transferred $10,000 to the theatrical organization. The Appellate Division held that the judgment debtor derived the benefits of the transfer notwithstanding the fact that he did not receive the money directly because "it was to be utilized to satisfy his

debts and expenses"; therefore, the transfer of funds by D–M was a violation of the restraining notice. *Id.* 74 A.D.2d at 846, 425 N.Y.S.2d at 631; *cf.* David D. Siegel, Practice Commentaries to N.Y.Civ.Prac.L. & R. § 5201 at 62 (McKinney 1978) ("The rule of thumb is that whatever the interest the debtor has is an interest the creditor can reach.").

The defendant in the present action clearly had an "interest" in the $2,500 akin to that of the judgment debtor in the *Ray* case. He benefitted from Ms. Coluccio's posting of the bond to the extent that he thereby satisfied the statutory requisites and was permitted to contest the administrative forfeiture proceeding. The $2,500 therefore is property in which defendant has a "substantial … interest," and is subject to execution by the Government in accordance with 28 U.S.C. § 3203(a).

Ms. Coluccio's alternative argument that the Government was required to return the cost bond after the dismissal of the forfeiture action can be readily disposed of. While 19 U.S.C. § 1608 does not specify how or to whom cost bonds are to be returned when the claimant in a forfeiture proceeding prevails, other courts have indicated that the bond should be returned to a successful claimant. *E.g., Faldraga v. Carnes,* 674 F.Supp. 845, 850 (S.D.Fla.1987). Since only the defendant—not Ms. Coluccio—was a claimant in the earlier forfeiture proceeding, if the bond was to be returned at all, it would have been returned to the defendant.

Ms. Coluccio's argument that the Government's application to execute upon the cost bond is premature also is unavailing. This Court previously denied defendant's motion for a stay of enforcement of its April 30, 1993 order reducing the amount of the fine owed by defendant to $125,000 pending defendant's appeal of that order to the Second Circuit:

> Should the court of appeals decide that a lesser fine is appropriate, Coluccio may recover from the United States the value of any property sold to satisfy his debt. Therefore, since defendant has indicated neither a legal basis for the appeal nor that he will suffer irreparable harm should this court deny his request for a stay, *see United States v. Bestway Disposal Corp.,*

724 F.Supp. 62, 70 (W.D.N.Y.1989), his motion is denied.

(Govt's Ex. 21). For the same reasons, Ms. Coluccio's request for a stay is denied.

Finally, Ms. Coluccio's argument that the Cost Bond Application is premature because the Plane Application neither had been heard nor decided when the Cost Bond Application was filed similarly is unpersuasive. This argument effectively has become moot in light of the order of the Eastern District of Michigan granting the Plane Application and denying defendant's motion for a stay pending appeal. (Govt's Ex. 23, 24, 25).

### CONCLUSION

For the reasons set forth above, Ms. Coluccio's application for return of the cost bond is denied.

SO ORDERED.