Matter of Bravado Intl. Group Merchandising Servs., Inc. v United States Tennis Assn. Inc. (2020 NY Slip Op 00410)





Matter of Bravado Intl. Group Merchandising Servs., Inc. v United States Tennis Assn. Inc.


2020 NY Slip Op 00410


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2016-09255
 (Index No. 53211/16)

[*1]In the Matter of Bravado International Group Merchandising Services, Inc., respondent,
v
United States Tennis Association Incorporated, appellant.


Patterson Belknap Webb & Tyler LLP, New York, NY (Stephen P. Younger, Zachary M. Vaughan, and Denlea & Carton LLP [Jeffrey I. Carton] of counsel), for appellant.
Cowan, Liebowitz & Latman, P.C., New York, NY (Richard S. Mandel and Joelle A. Milov of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 52 to recover damages for the violation of a restraining notice, the United States Tennis Association Incorporated appeals from a judgment of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated August 17, 2016. The judgment, upon an order of the same court dated August 3, 2016, granting the petition, is in favor of the petitioner and against the United States Tennis Association Incorporated in the principal sum of $1,357,458.43. The notice of appeal from the order is deemed to be a notice of appeal from the judgment (see CPLR 5512[a]).
ORDERED that the judgment is affirmed, with costs.
The petitioner commenced this proceeding pursuant to CPLR article 52 against the United States Tennis Association Incorporated (hereinafter the USTA) to recover damages allegedly incurred as a result of the USTA's violation of a restraining notice served upon the USTA pursuant to CPLR 5222. The petitioner previously had obtained a judgment against nonparty Facility Merchandising, Inc. (hereinafter FMI), which transacted business with the USTA. The petition alleged that the USTA improperly transferred certain funds in which FMI had an interest to third parties in violation of the petitioner's duly served restraining notice. The Supreme Court granted the petition and issued a judgment in favor of the petitioner and against the USTA in the principal sum of $1,357,458.43. The USTA appeals.
Pursuant to CPLR 5222(b), a judgment creditor may serve a notice to restrain or prohibit the transfer of property held by a third party, where the third party "is in the possession . . . of property . . . in which he or she knows or has reason to believe the judgment debtor . . . has an interest." Here, the petitioner established that at the time of service of the restraining notice, the USTA was in the possession of funds in which FMI had an interest. We agree with the Supreme Court's determination that certain transfers of funds violated the restraining notice because FMI, as judgment debtor, had "an interest" in the funds (CPLR 5222[b]), inasmuch as they were used to satisfy FMI's obligations to vendors and licensees (see e.g. ERA Mgt. v Morrison Cohen Singer & [*2]Weinstein, 199 AD2d 179). "One may not circumvent the mandates of a restraining notice by claiming that the judgment debtor has no interest in the money merely because he [or she] will not acquire physical possession of such money. The fact that a judgment debtor will directly benefit from the payment of [these funds] is sufficient to require the party served with the restraining notice to comply with the provisions or be subject to appropriate legal sanctions" (Ray v Jama Prods., 74 AD2d 845, 845-846).
Contrary to the USTA's contention, it failed to raise a triable issue of fact as to its negligent transfer of funds to vendors and licensees in violation of the restraining notice. Accordingly, we agree with the Supreme Court's determination to grant the petition (see CPLR 5222[b]; Ray v Jama Prods., 74 AD2d at 845-846; see also ERA Mgt. v Morrison Cohen Singer & Weinstein, 199 AD2d at 179; see generally Matter of Wimbledon Fin. Master Fund, Ltd. v Bergstein, 173 AD3d 401). As these improperly transferred funds would have been sufficient to satisfy the balance of the petitioner's judgment and constituted property in which FMI had an interest, we agree with the court's award to the petitioner of damages equivalent to the outstanding balance of its judgment against FMI (see CPLR 5227; see also Nardone v Long Is. Trust Co., 40 AD2d 697).
In view of the foregoing, we need not consider the parties' remaining contentions regarding the propriety of an alleged setoff taken by the USTA from the account.
MASTRO, J.P., BALKIN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court