MacArthur I, Inc. v Fields (2020 NY Slip Op 06454)





MacArthur I, Inc. v Fields


2020 NY Slip Op 06454


Decided on November 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

Before: Kapnick, J.P., Singh, Kennedy, Mendez, JJ. 


Index No. 655087/18 Appeal No. 12117N Case No. 2020-00194 

[*1]MacArthur I, Inc., Plaintiff-Appellant-Respondent,
v
Richard Fields, Defendant. FFO, LLC, Nonparty-Respondent-Appellant.


Spencer L. Schneider, P.C., New York (Spencer L. Schneider of counsel), for appellant-respondent.
Meister Seelig & Fein LLP, New York (Benjamin D. Bianco of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about December 4, 2019, which found nonparty respondent FFO, LLC in contempt and imposed a fine in the amount of $33,090.40 (plus costs and attorneys' fees), unanimously modified, on the law, to increase the fine to $469,998.48 (plus costs and attorneys' fees), and otherwise affirmed, without costs.
After obtaining a multimillion-dollar judgment against defendant Richard Fields, plaintiff served a subpoena duces tecum and restraining notice pursuant to CPLR 5222(b) on FFO, LLC (FFO), a company retained by Fields to provide services like bill paying and management of financial accounts. In performing its bill pay service, FFO was authorized to access an account at City National Bank held by Coastal Development LLC, a company owned by Fields, and could make deposits, withdrawals and transfers as directed by Fields. FFO often received invoices directly from vendors/creditors of Fields and paid them with funds from the account.
It is not disputed that in the two months after receiving the subpoena and notice, FFO, as directed by Fields, made disbursements from the account of $469,998.48, which included payments totaling $170,000 to Fields' wife, daughter and lawyers and $115,000 to American Express for outstanding credit card debt.
Plaintiff moved to hold FFO in contempt for violating the restraining notice, arguing that FFO improperly made transfers of Fields' funds after receiving the notice.
The IAS court correctly determined that FFO was subject to a restraint under CPLR 5222(b)(see Matter of Wimbledon Fin. Master Fund, Ltd. v Bergstein, 173 AD3d 401, 402 [1st Dept 2019], lv dismissed, 34 NY3d 1152 [2020]; W.J. Towell & Co. Agencies [Kuwait] W.L.L. v Perfumer's Workshop Intl., Ltd., 1988 WL 140854, *2, 1988 US Dist LEXIS 14551, *5-6 [SD NY Dec. 21, 1988, No. 83-cv-0323 (SWK/JAR]), which provides, in pertinent part, that, "[a] restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, . . . he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest . . . ."
FFO contends that it was not subject to the restraint because it did not have "possession or custody" of the account, as required by CPLR 5222(b), but, rather, that it was simply a payment administrator, operating exclusively at the direction of Fields. It seeks to interpret the "possession or custody" language narrowly, which we decline to do. A determination of whether a party is bound by a CPLR 5222(b) restraint requires an examination of the relationship between the judgment debtor and the specific property involved (see Ray v Jama Prods., Inc., 74 AD2d 845 [2d Dept 1980], lv denied 219 NY2d 709 [1980]). "The fact that a judgment debtor will directly benefit from the payment of [a sum of money] is sufficient to require the party served with the restraining notice to comply with the provisions or be subject to the appropriate legal sanctions" (id. at 846; see also Matter of Wimbledon Fin. Master Fund, Ltd., 172 AD3d at 402). A narrow interpretation of the reference to "possession or custody" in CPLR 5222(b) would frustrate the intent of the statute and permit judgment debtors to circumvent their fiscal obligations simply by giving access to, and authorization over, their assets to a non-party like FFO (see W.J. Towell & Co. Agencies [Kuwait] W.L.L., 1988 WL 140854, *2, 1988 Dis LEXIS 14551, *5-6). In Ray v Jama Prods., Inc., the respondent contracted with a theatrical agency to hire the judgment debtor to perform at its restaurant (74 AD2d 845) . After being served with a restraining notice enjoining it from transferring income due or to become due to the judgment debtor, respondent instead made payments to the theatrical agency. Respondent's literal interpretation of CPLR 5222(b) and argument that the debtor did not have a direct interest in the money was rejected because "it [was] clear that although [he] was not to receive the money directly, it was to be utilized" for his benefit (74 AD2d at 845).
Here, although FFO did not have actual possession over the account, it was clear that it was FFO's actions in making withdrawals and payments to Fields' creditors and family members that directly benefited Fields (see W.J. Towell & Co. Agencies [Kuwait] W.L.L., 1988 WL 140854, 1988 US Dist LEXIS 14511). Upon receipt of the restraining notice, FFO was enjoined from taking any action with respect to the account that would dissipate assets and remove them from the reach of the judgment creditor. Contrary to FFO's position, Commonwealth of N. Mariana Is. v Canadian Imperial Bank of Commerce (21 NY3d 55 [2013]), is inapposite. In that CPLR 5225 proceeding, the plaintiff judgment creditor sought the turnover of the judgment debtor's money that was held by a foreign subsidiary of the respondent. Plaintiff argued that while the respondent did not have possession of the funds, its majority ownership and other indicia of control over the subsidiary gave it access to the funds. The Court of Appeals reviewed the language of CPLR 5225, which like CPLR 5222(b), refers to "possession or custody" of the debtor's assets, and held that the respondent cannot be compelled to turnover assets that it did not possess. The Court reasoned that it had no personal jurisdiction over the subsidiary that possessed the assets, precluding it from ordering the physical turnover of funds required by CPLR 5225. The distinguishing factor between a CPLR 5225 proceeding and the enforceability of a CPLR 5222(b) restraint is that a turnover proceeding requires the physical ability to produce the assets sought, which, unlike here, necessarily requires actual possession.
The appropriate fine was the amount of debtor's funds that respondent, in direct and knowing violation of the restraint, transferred out of the subject account to others, thereby definitively depriving plaintiff of those funds to collect against (see Judiciary Law § 773). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2020