Eagle Eye Collection Corp. v Odery (2023 NY Slip Op 00155)

Eagle Eye Collection Corp. v Odery

2023 NY Slip Op 00155

Decided on January 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 12, 2023

Before: Kern, J.P., Oing, Scarpulla, Pitt-Burke, Higgitt, JJ. 

Index No. 656417/16 Appeal No. 17099 Case No. 2022-03549 

[*1]Eagle Eye Collection Corp., Plaintiff-Appellant,
v
Susan E. Odery, Defendant, Laurie E. Palma, Nonparty-Respondent.

DiResta Law Firm, Long Beach (Timothy DiResta of counsel), for appellant.
Schupbach, Williams & Pavone LLP, Mineola (Arthur C. Schupbach of counsel), for respondent.

Order, Supreme Court, New York County (David B. Cohen, J.), entered July 21, 2022, which, to the extent appealed from as limited by the briefs, denied, without prejudice and with leave to renew, the branch of plaintiff Eagle Eye Collection Corp.'s motion seeking damages against nonparty respondent Laurie E. Palma for violating a CPLR 5222 restraining notice against her, and granted the branch of the motion seeking to extend the restraining notice for an additional five years nunc pro tunc to the date that the notice expired only to the extent of allowing plaintiff to serve a new restraining notice with a one-year duration from the date of service, unanimously affirmed, with costs.
Plaintiff seeks damages against Palma for making two transfers to her sister, defendant and judgment debtor Susan E. Odery, purportedly in violation of a restraining notice. The restraining notice was served on Palma in anticipation of Odery's receipt of funds from the estate of her and Palma's mother, Norma Friedman, who died in February 2020. Thus, the restraining notice stated, in relevant part, "it appears that you [Palma] owe a debt to the judgment debtor [Odery] or are in possession or in custody of property in which the judgment debtor has an interest; including, but not limited to, any right or interest that the Judgment Debtor Susan E. Odery has in the Estate of Norma Friedman, or funds therefrom . . . and specifically any funds from the sale of [real property of the estate]." It is undisputed that Friedman bequeathed tangible personal property, including furniture, apparel, and jewelry to both Palma and Odery, but otherwise made no provisions for Odery. Further, plaintiff declined to execute its judgment against the personal property bequeathed to Odery. Palma, who is the executor of Friedman's estate, asserts that the two transfers at issue $5,000 in November 2020 and $500 in August 2021 — were gifts to Odery from Palma's personal funds in which Odery had no interest.
Pursuant to CPLR 5222 (b), a judgment creditor may serve a notice to restrain or prohibit the transfer of property held by a third party, where the third party "is in the possession . . . of property . . . in which he or she knows or has reason to believe the judgment debtor . . . has an interest." Here, plaintiff submitted no evidence to show that Odery had any distributive or other interest in the $5,500 gifts transferred from Palma to Odery from Palma's personal account. Nor did plaintiff show that Palma willfully disobeyed the restraining notice by gifting Odery from her own personal funds (cf. Bravado Intl. Group Merchandising Servs., Inc. v United States Tennis Assn. Inc., 179 AD3d 914, 914 [2d Dept 2020]).
Although plaintiff claims that Palma was attempting to surreptitiously funnel funds from the real property sale to Odery in violation of the restraining notice, we note that in November 2020, the time of the $5,000 transfer, Palma had not yet received any proceeds from the sale [*2]of Friedman's real property. Although Palma did make a $500 "housewarming gift" to Odery in August 2021, after Palma had sold Friedman's real property, plaintiff submitted no evidence to connect that relatively small amount to the sale proceeds.
The motion court properly declined plaintiff's request to extend the restraining notice for five years nunc pro tunc to the expiration of the notice, as plaintiff offered no basis for extending the notice beyond one-year duration set forth in CPLR 5222. Furthermore, as the motion court aptly noted, Palma would be prejudiced by such an extension, as she may have made transfers in reliance on the expiration of the initial restraining notice. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2023