UNITED STATES of America

v.

ONE PARCEL OF REAL PROPERTY WITH IMPROVEMENTS THEREON, KNOWN AS 5708 BEACON DRIVE, AUSTIN, TEXAS, SITUATED IN TRAVIS COUNTY, TEXAS, etc., et al.

Civ. A. No. J85–0353(L).

United States District Court,
S.D. Mississippi,
Jackson Division.

Oct. 4, 1988.

Daniel E. Lynn, Asst. U.S. Atty., Jackson, Miss., for U.S.

Michael C. Corso, Heidelberg, Woodliff & Franks, Jackson, Miss., for Sampson.

Richard R. Swarb, Norman, Okl. for Annette Mote.

William B. Kirksey, Kirksey & De-Laughter, Jackson, Miss., for Mote, Green.

John O. Green, Fort Worth, Tex., pro se.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of John O. "Hornung" Green for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). The United States of America filed this action for forfeiture of the above captioned real property pursuant to 21 U.S.C. § 881(a)(6) after Green had been indicted and was prosecuted for possession with intent to distribute cocaine, the conducting of an illegal entreprise involving cocaine and concealing the crash of a civil aircraft used to transport cocaine. This civil action was stayed on March 24, 1986 pending disposition of the related criminal case. On December 9, 1986, Green pled guilty to the concealment charge and executed a memorandum of understanding which provided that assets he acquired with drug proceeds would be forfeited to the United States. Both at the change of plea and at the sentencing, Green represented to the court that the property obtained with illegal drug proceeds, the same property that is at issue in this case, would be forfeited.

After Green's sentencing, all claimants in this civil action [1] entered into stipulations with the United States by which the claimants released their interests in the subject property and released the United States from any liability for seizure of the forfeited property. Based upon the stipulations, this court on January 14, 1987 entered a final judgment.[2] Almost one year later, on January 10, 1988, Green filed this motion to dismiss or vacate pursuant to Federal Rule of Civil Procedure 60(b).[3] George Samp-

son, the current owner of the property, was granted intervention and has filed a brief in opposition to the Rule 60 motion. In rendering its decision, the court has reviewed the memoranda along with the attachments submitted by the parties.

Green's attack upon the judgment is two-pronged. First, pursuant to Rule 60(b)(4), he claims that the judgment is void for lack of subject matter jurisdiction. Second, he claims that, pursuant to Rule 60(b)(3), the judgment should be set aside for fraud, misrepresentation and misconduct on the part of the United States in obtaining the stipulations, particularly the stipulation of Annette Mote. In addition, the parties dispute the timeliness of Green's motion and whether Annette Mote was an innocent purchaser.

Green claims that the court lacked subject matter jurisdiction over this cause since the property in question is located in Austin, Texas and this action was filed in the Southern District of Mississippi. Green takes the position that this court never obtained jurisdiction over the *res*.

Subject matter jurisdiction in federal civil forfeiture actions is vested in the United States District Courts by 28 U.S.C. § 1345 which grants exclusive jurisdiction in the district courts of all actions in which the United States is plaintiff, and by 28 U.S.C. § 1355, which provides that the district courts shall have original exclusive jurisdiction of all actions or proceedings for forfeitures under any act of Congress. The Drug Abuse Prevention Act contains a civil forfeiture provision, 21 U.S.C. § 881(a)(6), which provides in pertinent part:

(a) The following shall be subject to forfeiture to the United States and no property rights shall exist in them:

\* \* \* \* \* \*

---

1. The claimants are Green, his grandmother, Annette Mote, his wife, Bridgette E. Reece, and his neighbor, John Nalbor.

2. The judgment provided that the property was to be forfeited to the United States for its use or disposition as it saw fit with the exception that property described in the stipulation was to be released to the respective claimants.

3. On June 6, 1988, Annette Mote, Green's grandmother, filed an application to join in Green's motion to dismiss and vacate. Under Rule 60, such a motion must be filed within one year of entry of the challenged judgment. Mote's motion, filed a year and five months after entry of the court's judgment on January 14, 1987, is clearly untimely and will be denied for that reason.

(6) All monies, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such exchange, and all monies, negotiable instruments and securities used or intended to be used to facilitate any violation of this subchapter[.]

In this civil forfeiture action in which the plaintiff is the United States, this court clearly has subject matter jurisdiction to act. 17 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3651, at 151 (1988). Green's jurisdictional challenge appears to relate not strictly to subject matter jurisdiction but rather to the territorial limits of this court's jurisdiction in an *in rem* proceeding involving forfeiture under section 881. In *United States v. One 1974 Cessna Model 310R Aircraft*, 432 F.Supp. 364 (D.S.C.1977), the court, considering this issue, concluded that in the absence of congressional intent to the contrary,

> the territorial jurisdiction of [a] United States Court in a forfeiture proceeding ... is limited only by the territorial limits of the nation and the (applicable) venue provisions....

*One 1974 Cessna*, 432 F.Supp. at 366. Moreover, in cases such as this,

> the venue statute controls *territorial* jurisdiction in that it represents an effective statutory limitation on the district courts' power to hear the matter in hand.

*Id.* In this regard, venue for this *in rem* forfeiture proceeding is proper in this district although the property at issue is located in Austin, Texas. Accordingly, Green's objection to the judgment premised on the lack of jurisdiction is no ground for relief from judgment.

Prior to a 1984 amendment to 21 U.S.C. § 881, forfeiture proceedings were required to be brought in the district where the property was found. 28 U.S.C. § 1395(b). However, the 1984 amendment added subsection (j) which creates an additional choice of venue for civil forfeiture proceedings instituted, as this one was, under the Controlled Substances Act of 1984. In such actions, venue is proper "in the judicial district in which the criminal prosecution is brought." 21 U.S.C. § 881(j) (West Supp.1988). Since the criminal prosecution was brought against Green in this judicial district, venue is proper here. *See United States v. A Fee Simple Parcel of Real Property Situated in the City of Bal Harbour, State of Florida*, 650 F.Supp. 1534 (E.D.La.1987).[4]

Green's motion is further based on Rule 60(b)(3) which allows for setting aside a final judgment if it was obtained by fraud, misrepresentation or misconduct. Rule 60(b) requires that a motion made under Rule 60(b)(3) "shall be made within a reasonable time and ... not more than one year after the judgment, order or proceeding was entered or taken." This court entered final judgment on January 14, 1987. Green filed his motion barely within one year, on January 11, 1988. What constitutes a reasonable time under the language of the rule depends upon the facts of each case. One consideration is whether the party opposing the motion has been prejudiced by the movant's delay and whether the movant had good cause for his failure to seek setting aside of the judgment earlier. 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2866 (1973). Under the rule, one year represents the maximum time allowable for filing a motion to vacate or dismiss; even a motion made within one year may be rejected as untimely if it is not made within a reasonable time. *Id.*

---

**4.** Green contends that section 881(j) does not apply in this case since his criminal acts preceded the 1984 amendment to the statute. However, the venue provision of section 881(j) was in effect when this action was commenced in 1985. In any event, the only conceivable basis for an argument that section 881(j) is inapplica-

ble derives from the ex post facto clause of the United States Constitution. However, since section 881 is a civil, not criminal, statute which is primarily remedial, not penal, the ex post facto clause has no application. *United States v. D.K.G. Appaloosas, Inc.*, 829 F.2d 532, 544–45 (5th Cir.1987).

In the case at bar, almost a year elapsed between the entry of judgment and Green's motion. In the interim, the property in question was sold by the government to an innocent purchaser, George S. Sampson, the intervenor in this action. It is readily apparent that Mr. Sampson has been prejudiced by Green's delay in seeking relief. Moreover, it appears that Green was aware of the alleged misrepresentation or misconduct long before his filing of the present motion.[5] Because of the prejudice to Sampson and because Green has otherwise failed to demonstrate good cause for his failure to take appropriate action sooner, the court concludes that Green's motion was not made within a reasonable time. Thus, his motion pursuant to Rule 60(b)(3) should be denied. *Cf. Edwards v. Joyner,* 566 F.2d 960, 961–62 (5th Cir.1978); *United States v. Allegheny–Ludlum Industries, Inc.,* 553 F.2d 451, 453 (5th Cir.1977), *cert. denied,* 435 U.S. 914, 98 S.Ct. 1467, 55 L.Ed.2d 505 (1978).

Accordingly, it is ordered that the motion to vacate or set aside judgment is denied.

ORDERED this 4th day of October, 1988.

---

**5.** The court notes that Green was formerly an IRS agent and that he is an attorney. Both of these facts tend to belie any claim of ignorance on his part.