UNITED STATES of America, Plaintiff,

v.

CONTENTS OF ACCOUNT NUMBER 11671–8 IN the NAME OF LATINO AMERICANA EXPRESS, and the Contents of Account Number 11598–3 in the Name of La Union Auto Dealer, at BPD International Bank, 4186 Broadway, New York, New York, et al., Defendants.

**No. 90 Civ. 8154 (MBM).**

United States District Court, S.D. New York.

May 13, 1991.

Tai H. Park, Asst. U.S. Atty., New York City, for plaintiff.

Michael S. Feldberg, Shea & Gould, New York City, for claimant Maruquel Inv., Inc.

## OPINION AND ORDER

MUKASEY, District Judge.

As disclosed to the parties at a conference on April 18, 1991, the motion of claimant Maruquel Investment, Inc. to dismiss the complaint for lack of jurisdiction and for failure to state a claim is denied. The defendant accounts are alleged to be owned or controlled by Pedro Lora, a defendant in a criminal case in this District who is accused of narcotics trafficking. Complaint, ¶ 2.

■ Claimant has argued that because the account which is the subject of this motion is located in Puerto Rico, this court lacks *in rem* jurisdiction and the complaint therefore must be dismissed. The relevant statute, however, permits the Government to seek forfeiture of property "in the judicial district in which the defendant owning such property is found or in the judicial district in which the criminal prosecution is brought." 18 U.S.C. § 981(h). To the extent there is anything inconsistent in *United States v. One Lear Jet Aircraft, Serial No. 35A-280*, 836 F.2d 1571, 1575 (11th Cir.1988), *cert. denied*, 487 U.S. 1204, 108 S.Ct. 2844, 101 L.Ed.2d 881 (1989), that reasoning appears to be at odds with the reasoning of our own Circuit in *United States v. Aiello*, 912 F.2d 4 (2d Cir.1990). To the extent it is not, claimants' argument that an *in rem* proceeding cannot be prosecuted in the absence of the *res* has a certain appeal. *E.g., Bank of New Orleans and Trust Co. v. Marine Credit Corp.*, 583 F.2d 1063, 1067–68 (8th Cir.1978). However, that does not take into account the nature of this action, which seeks to forfeit property that is alleged to be under the continuing control of a defendant being prosecuted in this District. Such a contact appears, to my eye, to satisfy the minimum contacts requirements of *International Shoe Company v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977) and their progeny. Put another way, it does not appear to deny due process to one alleged to be acting at the behest of a defendant being prosecuted in this District to make that entity litigate where its orders allegedly come from.

■ Claimant's second argument is that the complaint fails to allege knowledge of the unlawful activity underlying the transfers, and therefore fails to state a claim upon which relief can be granted within the meaning of Fed.R.Civ.P. 12(b)(6). Here, the well-known standard is whether it appears from the complaint that plaintiff can prove any set of facts that will justify the relief it seeks. If it can, the motion to dismiss must be denied. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Considering not only the complaint, but also the reasonable inferences that may be drawn from its allegations, *cf., Cable Science Corp. v. Rochdale Village, Inc.*, 920 F.2d 147, 151 (2d Cir.1990), it appears that one or more of

the defendants in the criminal case were depositing funds to the subject accounts in transactions methodically designed to avoid statutory reporting requirements, and then quickly transferring the funds so deposited to other accounts and entities in transactions for which it was impossible to discern a *quid pro quo*. Claimant indeed may not have been aware of the underlying criminality, but it is fair to infer that the defendants in the criminal case did not relinquish control over the funds in question. It is therefore also fair to require that claimant show its *bona fides*.

For the reasons set forth above, the motion to dismiss is denied.

SO ORDERED.