**UNITED STATES of America, Plaintiff,**

v.

**REAL PROPERTY KNOWN AS 953 EAST SAHARA, LAS VEGAS, NEVADA, Defendant.**

**No. Civ 92–0230 PHX RCB.**

United States District Court,
D. Arizona.

Aug. 27, 1992.

Linda A. Akers, Reid C. Pixler, U.S. Atty., Phoenix, AZ, for plaintiff.

John Coombes, Newport Beach, CA, for Curci Revocable Trust.

Edward S. Coleman, Las Vegas, NV, for Joseph A. Critelli.

Richard McKnight, Las Vegas, NV, pro se.

Kirby Rollin Wells, Wells Kravitz Schnitzer Sloane, Las Vegas, NV, pro se.

Daryl M. Williams, Robert Bauer, Murphy & Posner, Phoenix, AZ, for Haberman Group.

Terrance G. Reed, Asbill, Junkin & Myers, Washington, DC, and Michael D. Kimerer, Allen, Kimerer & LaVelle, Phoenix, AZ, for Plaza Celebrities.

Thomas N. Crowe, Crowe & Scott, P.A., Phoenix, AZ, for Marlene Michaels.

ORDER

BROOMFIELD, District Judge.

Claimant Plaza Celebrities, Inc. ("claimant") moves to dismiss this *in rem* civil forfeiture action for lack of jurisdiction over the *res*. Plaintiff opposes the motion. None of the other claimants in this action responded to the motion. After consideration of the briefs and oral argument, the court now rules.

I. FACTS [1]

Plaintiff asserts that beginning in November, 1991, Marlene Michaels engaged in a series of meetings in Maricopa County

---

**1.** The facts were presented by plaintiff in its response to claimant's motion. In its reply, claimant does not dispute this presentation of the facts.

582

with undercover police officers in which Michaels proposed a complex money laundering scheme involving defendant property. Because defendant property was scheduled to be sold on or about December 20, 1991, plaintiff obtained a seizure warrant from a United States Magistrate Judge for the District of Nevada to seize the interests of Michaels in the proposed real estate transaction. At this time, a notice of *lis pendens* was filed, but no arrest warrant was issued or served.

On or about January 9, 1992, a criminal complaint was filed in the District of Arizona against Michaels, charging Michaels with money laundering. Based on this criminal complaint, plaintiff filed a verified complaint for forfeiture *in rem* on February 5, 1992, creating this civil action. On or about February 19, 1992, Michaels was indicted in the District of Arizona for two counts of money laundering. On or about February 20, 1992, this court issued an arrest warrant *in rem* and service was made on defendant property by the United States Marshal for the District of Nevada.

In its verified complaint, plaintiff asserts that this court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.[2] Plaintiff also asserts venue in Arizona pursuant to 18 U.S.C. § 981(h). In claimant's answer, claimant[3] admitted both jurisdiction and venue.

## II. ANALYSIS

Claimant asserts that the court lacks *in rem* jurisdiction over defendant because *in rem* jurisdiction lies only in the district where defendant property is seized. Claimant further argues that this court has not

seized and can not seize defendant and can not serve process on defendant. Plaintiff argues that the court should deny claimant's motion to dismiss because it is untimely under Fed.R.Civ.P. 12 and because the court has jurisdiction over defendant property even though the property is not located in the District of Arizona.

### A. *Timeliness of Motion to Dismiss*

■ Plaintiff argues that under Fed. R.Civ.P. 12(h), claimant waived the defenses of venue and jurisdiction because plaintiff filed its answer before filing its motion to dismiss for lack of jurisdiction and venue. Under Rule 12, a party loses the defenses of lack of jurisdiction over the person and improper venue if these defenses are (1) not included in a motion pursuant to this rule,[4] (2) not included in a responsive pleading, or (3) not included in an amendment permitted by Fed.R.Civ.P. 15(a).[5] The defense of lack of subject matter jurisdiction, however, may be raised at any time. Fed.R.Civ.P. 12(h)(3).

In this case, claimant answered before filing this motion to dismiss, and admitted jurisdiction and venue rather than asserting the defense of lack of jurisdiction or improper venue. Furthermore, claimant did not amend its answer as permitted by Fed.R.Civ.P. 15(a) and more than twenty days have elapsed since service. Thus, the court finds that claimant has waived the defenses of improper venue and lack of personal jurisdiction.

Plaintiff appears to assume, without citing any authority, that similar to personal jurisdiction, *in rem* jurisdiction may be waived. Claimant argues that filing an

2. 28 U.S.C. § 1345 provides:

Except as otherwise provided by Act of Congress, the district court shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress.
28 U.S.C. § 1355 provides:
The district courts shall have original jurisdiction exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress except....

3. Claimant Plaza Celebrities, Inc. is a corporation formed by Michaels to own and control defendant property and that Michaels was the sole stockholder and president of the corporation.

4. Rule 12(b) requires that a motion to dismiss under this rule shall be made before pleading.

5. Rule 15(a) permits a party to amend its pleading at any time before a responsive pleading is required, or if no responsive pleading is required, within twenty days after the pleading is served. Fed.R.Civ.P. 15(a)

answer does not relieve the court of its duty to determine its jurisdiction over defendant property. Claimant refers the court to a Ninth Circuit case which holds that because "forfeiture proceedings are *in rem,* the court's *subject matter jurisdiction* is dependent on its continuing control over the property." *United States v. 66 Pieces of Jade and Gold Jewelry,* 760 F.2d 970, 973 (9th Cir.1985) (emphasis added). Thus, lacking any authority to the contrary, the court holds that claimant did not waive its right to argue that this court lacks *in rem* jurisdiction over defendant property.

### B. *Jurisdiction of Court over Defendant Property*

■ Both parties agree that this court's jurisdiction over defendant property is limited by the court's ability to control the property. Claimant, however, argues that this court's control is limited to property located within this district because the applicable statutes and rules limit service of process to within the district. Plaintiff argues that this court's control over property is not limited to property located within the district because Congress specifically has expanded the court's control to encompass property located outside the district and because this court has exercised this control by issuing an arrest warrant which was executed by the United States Marshal.

In support of its argument, claimant directs the court to the civil forfeiture statute, 18 U.S.C. § 981(b)(2), which requires that property be seized according to the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Admiralty Rules").[6] Supplemental Admiralty Rule E(3)(a) provides that process *in rem* shall be served only within the district.

Thus, claimant concludes that as this court was not authorized to arrest property in Nevada, it never obtained *in rem* jurisdiction over defendant property.

Plaintiff refers the court to a different subsection of the same civil forfeiture statute, 18 U.S.C. § 981(h), and argues that this subsection provides the court with *in rem* jurisdiction over defendant property. Section 981(h) provides:

In addition to the venue provided for in section 1395 of title 28 [7] or any other provision of law, in the case of property of a defendant charged with a violation that is the basis for forfeiture of the property under this section, a proceeding for forfeiture under this section may be brought in the judicial district in which the defendant owning such property is found or in the judicial district in which the criminal prosecution is brought.

18 U.S.C. § 981(h). Plaintiff reasons that to limit the application of section 981(h) to property located within the district as suggested by claimant and Supplemental Admiralty Rule E(3)(a) would nullify 18 U.S.C. § 981(h). Plaintiff contends that interpreting § 981(h) as urged by claimant would defeat the purpose of the enactment of the statute because it would necessitate multiple litigation of forfeiture actions in all judicial districts in which property may be located, rather than one action where the criminal defendant was indicted. Plaintiff argues that the court should assume that Congress intended its enactment to have meaningful effect and should construe § 981(h) to give it such effect.

Plaintiff also argues that Fed.R.Civ.P. 4(f) provides that service of process may be modified by Congress and that as Rule 4(f) is not inconsistent with the Supplemental Admiralty Rules, Rule 4(f) is applicable to this situation.[8] Thus, plaintiff concludes

---

**6.** Section 981(b)(2) provides:

Property shall be seized under paragraph (1) of this subsection upon process issued pursuant to the Supplemental Rules for certain Admiralty and Maritime Claims by an district court of the United States having jurisdiction over the property, except that....

18 U.S.C. § 981(b)(2).

**7.** Section 1395 provides:

(a) A civil proceeding for the recovery of a pecuniary fine, penalty or forfeiture may be prosecuted in the district where it accrues or the defendant is found.

28 U.S.C. § 1395(a).

**8.** Supplemental Admiralty Rule A provides that the general Rules of Civil Procedure apply to actions in rem unless they are inconsistent with

that Supplemental Admiralty Rule E(3)(a) which limits service of process to within the district is modified by 18 U.S.C. § 981(h) to include extra territorial service of process.

Claimant argues that § 981(h) is merely a venue provision, and does not expand the court's *in rem* jurisdiction. Claimant argues that this conclusion is supported by the fact that plaintiff has submitted to Congress a proposed amendment to the money laundering statutes which would grant jurisdiction in any district where venue lies. H.R. 26, 102d Cong., 2d Sess. at Title III, Sec. 301. Claimant notes that the legislative proposal seeks to amend the jurisdiction statute, and not § 981(h), which refers to venue. Claimant asserts that the proposed amendment is a tacit admission that such jurisdiction currently does not exist.

Neither party refers the court to any circuit decision which addresses the specific issue at hand. Both parties, however, do refer the court to district court opinions which have addressed the same or similar issues. While these district court decisions appear split, the majority of decisions support plaintiff's argument.

Claimant refers the court to a Nevada District case which refused to interpret 21 U.S.C. § 881(j), a venue statute identical to 18 U.S.C. § 981(h), as a jurisdictional one. *See United States v. Real Property at 11205 McPherson Lane*, 754 F.Supp. 1483 (D.Nev.1991). The *McPherson* court reasoned that Congress knew how to clearly authorize nationwide service of process when it wanted to, and the fact that Congress had not done so with § 881(j) "argues forcefully that such authorization was not

its intention." *Id.* at 1487 (quoting *Omni Capital International v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987)).[9]

Plaintiff refers the court to several civil forfeiture cases which, contrary to the *McPherson* court, hold that 21 U.S.C. § 881(j) does grant territorial jurisdiction over property located outside of the district of the court. *United States v. Premises Known as Lots 50 & 51, 2050 Brickell Avenue, Miami, Fla.*, 681 F.Supp. 309 (E.D.N.C.1988); *United States v. One Parcel of Real Property with Improvements Thereon, Known as 5708 Beacon Drive, Austin, Tex. Situated in Travis County, Tex.*, 712 F.Supp. 525 (S.D.Miss.1988), *aff'd*, 875 F.2d 859 (5th Cir.1989).

The *5708 Beacon Drive* court held that it had subject matter jurisdiction over the property under 28 U.S.C. §§ 1345 and 1355 because the United States was a plaintiff to the action and because the case involved proceedings for a forfeiture under an act of Congress. *5708 Beacon Drive*, 712 F.Supp. at 526–27. That court further held that, pursuant to § 881(j), the Southern District of Mississippi had territorial jurisdiction over property located in Texas because the criminal prosecution against claimant was brought in the Southern District of Mississippi. *Id.* at 527.

Similarly, in *Lots 50 & 51*, the court held that the Eastern District of North Carolina had territorial jurisdiction over property located Florida pursuant to § 881(j). *Lots 50 & 51*, 681 F.Supp. at 311–13. That court interpreted § 881(j) to authorize nationwide service in spite of Congress's failure to expressly provide for such service. *Id.* at 314.[10]

the Supplemental Admiralty Rules. Supplemental Admiralty Rule A.

**9.** Claimant also refers the court to an unpublished Memorandum and Order from the Western District of New York, *United States v. U.S. Funds in the Amount of $3,035,648.50, et al.*, CIV 91–217E, 1991 WL 236843 (signed November 4, 1991). The facts of *U.S. Funds*, however, differ from the facts of this case because the defendant property in that case was located in a foreign country. *Id.* at 13.

**10.** Both of the *5708 Beacon Drive* and *Lots 50 & 51* courts affirmatively quote *United States v. One 1974 Cessna Model 310R Aircraft*, 432 F.Supp. 364, 368 (D.S.C.1977), which provides: [i]n [the] absence of congressional intent to the contrary, the territorial jurisdiction of [a] United States Court in a forfeiture proceeding under 28 U.S.C. § 1355 is limited only by the territorial limits of the nation and the (applicable) venue provisions.... While this court is acutely aware of the normal distinctions between jurisdiction and venue, in this particular instance, the venue statute controls terri-

The *Lots 50 & 51* court also rejected the claimants' argument that service of process outside the district of the court was defective under Supplemental Admiralty Rule E(3)(a). *Id.* at 313–14. The court found that even though Congress did not specifically expand service of process when it enacted § 881(j), Congress intended to so expand process. *Id.* The court reasoned that failure to imply expanded process would frustrate the purpose of enacting § 881(j). *Id.*

Plaintiff also refers the court to two cases which address the venue statute at hand, 18 U.S.C. § 981(h). *United States v. Contents of Account Number 11671–8 in Name of Latino Americana Express,* 763 F.Supp. 53 (S.D.N.Y.1991); *United States v. All Funds on Deposit in any Account at Certain Financial Institutions Held in the Names of Certain Individuals,* 767 F.Supp. 36 (E.D.N.Y.1991).

In *All Funds,* a claimant argued that the Eastern District of New York lacked subject matter jurisdiction over defendant property located in the Southern District of New York. *All Funds,* 767 F.Supp. at 39. The court denied the claimant's motion and held that it had subject matter jurisdiction over the property pursuant to 28 U.S.C. §§ 1345 and 1355 and that venue was proper pursuant to § 981(h) because the parallel criminal action also was prosecuted in the Eastern District. *Id.* at 39–40.

In *Account Number 11671–8,* the Southern District of New York similarly held that it had *in rem* jurisdiction over property located in Puerto Rico because the property allegedly was owned or controlled by a criminal defendant accused of narcotics trafficking who was being prosecuted in the Southern District of New York. *Account Number 11671–8,* 763 F.Supp. at 54.

The court finds the reasoning of the cases cited by plaintiff persuasive. To lim-

it service of process in civil forfeiture cases to property located within the district would nullify the expanded venue provision authorized by Congress in 18 U.S.C. § 981(h). The court refuses to do so. The fact that plaintiff has proposed an amendment to Congress which specifically provides for expanded service of process does not alter this conclusion.

Section 981(h) specifically provides that a civil forfeiture proceeding of property of a defendant charged with a violation may be brought in the judicial district in which the criminal prosecution is brought. While several claimants assert interests in defendant property, Marlene Michaels allegedly owns and controls defendant property. (Complaint, ¶¶ 5, 7.) Furthermore, plaintiff asserts, and claimants do not dispute, that the parallel criminal action against Michaels was brought in the District of Arizona.[11] Thus, the court finds that the District of Arizona is an appropriate venue for this civil forfeiture action and that the court has *in rem* jurisdiction over defendant property pursuant to § 981(h).

## III. CONCLUSION

The court does not find that claimant's motion to dismiss for lack of jurisdiction was filed untimely. After considering the merits of the motion, the court holds that it has *in rem* jurisdiction over defendant property and that the District of Arizona is an appropriate venue for this action pursuant to 18 U.S.C. § 981(h).

IT IS ORDERED denying the Motion of Claimant Plaza Celebrities, Inc. to Dismiss for Lack of Jurisdiction (Doc. 62).

torial jurisdiction in that it represents an effective statutory limitation on the district courts power to hear the matter in hand.

**11.** Claimant does argue that 18 U.S.C. § 981(h) does not apply to the facts of this case because the defendant in this case is property which is not being criminally prosecuted in Arizona.

Claimant's interpretation of § 981(h) makes no sense. Section 981(h) does not require that the property at issue be criminally prosecuted. Section 981(h) merely requires that the criminal prosecution of the defendant owning the property is brought in the judicial district. 18 U.S.C. § 981(h).