94 F.3d 654
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Erik VAN VEENEN, Defendant-Appellant.
 No. 95-30189.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 7, 1996.*
Decided Aug. 12, 1996.
 
 Before: GOODWIN, BRUNETTI, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Van Veenen appeals his conviction and sentence on multiple counts of selling unlawfully taken wildlife in foreign commerce and of exporting or attempting to export unlawfully taken wildlife in violation of the Lacey Act, 16 USC § 3372(a). We affirm.
 
 
 3
 Van Veenen was a registered hunting guide in Alaska. After a jury trial, during which Van Veenen did not challenge the constitutionality of the Lacey Act, he appeared for sentencing and for the first time mentioned that he thought the Alaska statute under which counts 3 and 4 were prosecuted, violated the Commerce Clause. U.S. Const. Art. I, § 8. His lawyer withdrew the point and concurrent sentences totalling 33 months in custody were imposed.
 
 DISCUSSION
 
 4
 This court will not decide an issue that was not raised during the trial, or in pretrial or post trial proceedings before the trial court, unless exceptional circumstances underlie the failure to raise it, the new issue arose due to a change in the law while appeal was pending, or the issue is purely one of law and the opposing party will not be prejudiced by the failure to raise it below. United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991); see also United States v. One 1978 Piper Cherokee Aircraft, 37 F.3d 489, 494 (9th Cir.1994) (failure to raise due process claim in the district court did not create an exceptional circumstance which could cause manifest injustice); United States v. Reyes-Alvarado, 963 F.2d 1184, 1187 (9th Cir.), cert. denied, 506 U.S. 890 (1992) (sufficiency of the evidence claim waived by failure to raise it in the district court). To have been properly raised below, "the argument must be raised sufficiently for the trial court to rule on it." Broad v. Sealaska Corp., 85 F.3d 422, 430 (9th Cir.1996) quoting In re E.R. Fegert, Inc., 887 F.2d 955, 957 (9th Cir.1989).
 
 
 5
 During sentencing Van Veenen and his lawyer told the district court that Van Veenen had requested his lawyer move to dismiss because the state law, requiring nonresident alien hunters to hire a guide, was unconstitutional under the Commerce Clause. Van Veenen's lawyer advised the district court she found the issue to be without merit and did not file the motion. Raising the issue at sentencing does not give the trial court an opportunity to rule on it.
 
 
 6
 On this appeal, Van Veenen makes no showing that he was denied effective assistance of counsel, nor does he present any other facts which might warrant appellate review under the "exceptional circumstance" requirement.
 
 
 7
 Van Veenen's claim is also not purely a question of law. To decide the constitutional law claim we would first have to engage in a fact intensive inquiry to determine whether Van Veenen has standing to bring the claim and to determine whether interstate commerce is affected by the conduct prohibited in the statute. This inquiry should first be undertaken in the district court.
 
 
 8
 None of the exceptions which would allow Van Veenen to raise this issue for the first time on appeal apply here.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3