105 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Andrew BACON, Defendant-Appellant.
 No. 95-17410.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1996.
Decided Dec. 31, 1996.
 
 Before: WALLACE, SCHROEDER, and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bacon pled guilty to possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to sixty months. As part of his negotiated plea agreement, Bacon agreed to administratively forfeit to the United States property including cash, bank accounts, and a camera, cellular phone, and computer. Bacon later settled a civil forfeiture complaint arising out of the same conduct, giving up to the United States half the value of two investment accounts that were seized at the time of his arrest.
 
 
 3
 Bacon makes two claims on appeal: (1) that 21 U.S.C. §§ 841(a) and 881(a) are beyond Congress' power under the Commerce Clause; and (2) that the Double Jeopardy clause barred both his criminal conviction and the later civil forfeiture because he had previously been punished by his administrative forfeiture. Neither argument has merit, and we affirm.
 
 I. The Commerce Clause
 
 4
 Relying on United States v. Lopez, 115 S.Ct. 1624 (1995), Bacon argues that the Controlled Substances Act is beyond Congress' power to regulate interstate commerce. Bacon's argument is foreclosed by our recent decisions in United States v. Tisor, 96 F.3d 370 (9th Cir.1996), and United States v. Kim, 94 F.3d 1247 (9th Cir.1996). In each case we upheld 21 U.S.C. § 841(a) against an attack identical to Bacon's, holding that because intrastate drug trafficking is a commercial activity which Congress found to have a substantial effect on interstate commerce, the Controlled Substances Act does not exceed Congress' authority under the Commerce Clause. Tisor, 96 F.3d at 375; Kim, 94 F.3d at 1249-50.
 
 
 5
 Bacon's challenge to 21 U.S.C. § 881 is not properly before us, since a motion for the return of property is not cognizable under 28 U.S.C. § 2255. The only remedy available under § 2255 is correction or vacation of sentence. Bacon cites no other authority under which his motion is cognizable.
 
 
 6
 Even were Bacon's motion cognizable, however, it would be unavailing. Our holdings in Tisor and Kim that the Controlled Substances Act is within Congress' authority under the Commerce Clause encompass the Act's civil forfeiture provisions as well as its criminal prohibitions.
 
 II. Double Jeopardy
 
 7
 Bacon argues that his conviction and subsequent forfeiture of property after the prior administrative forfeiture violated the Double Jeopardy Clause by subjecting him to multiple punishments in separate proceedings. This argument is foreclosed by the Supreme Court's decision in United States v. Ursery, 116 S.Ct. 2135 (1996). In Ursery, the Court held that forfeitures under § 881 are "neither 'punishment' nor criminal for purposes of the Double Jeopardy Clause." Id. at 2149; see Kim, 94 F.3d at 1250-51; United States v. One 1978 Piper Cherokee Aircraft, 91 F.3d 1204, 1209-10 (9th Cir.1996). Bacon has suffered no Double Jeopardy violation.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3