145 F.3d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Linda HANSEN, Defendant-Appellant.
 No. 97-30214.
D.C. No. CR-96-00035-DWM.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1998.**
Decided May 18, 1998.
 
 Appeal from the United States District Court for the District of Montana, Donald W. Molloy, District Judge, Presiding.
 Before SCHROEDER, TROTT and, FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Linda Hansen appeals her jury conviction and sentence for voluntary manslaughter, in violation of 18 U.S.C. § 1112. Hansen contends that the district court improperly instructed the jury on the elements of voluntary manslaughter. We have jurisdiction pursuant to 21 U.S.C § 1291. We review de novo, see United States v. King, 122 F.3d 808, 809 (9th Cir.1997), and we reverse.
 
 
 3
 In reviewing jury instructions, the relevant inquiry is whether the instructions as a whole were misleading or inadequate to aid the jury's deliberations. See United States v. Moore, 109 F.2d 1456, 1465 (9th Cir.), cert. denied, 118 S.Ct. 108 (1997). "If the defendant killed with the mental state required for murder (intent to kill or recklessness with extreme disregard for human life), but the killing occurred in the 'heat of passion' caused by adequate provocation, then the defendant is guilty of voluntary manslaughter." United States v. Paul, 37 F.3d 491, 499 (9th Cir .1994). Involuntary manslaughter is an unintentional killing that "evinces a wanton or reckless disregard for human life but not of the extreme nature that will support a finding of malice." Id. (quoting United States v. Lesina, 833 F.2d 156, 158-59 (9th Cir.1987)).
 
 
 4
 Here, the district court, in accordance with an erroneous Ninth Circuit model jury instruction, instructed the jury that to find Hansen guilty of committing voluntary manslaughter, the government must prove, in part, that "Hansen either intended to kill [the victim] but the killing was without malice aforethought, that is, [Hansen] acted upon a sudden quarrel or heat of passion, or that [Hansen] acted with reckless disregard for human life." See Manual of Model Jury Instructions for the Ninth Circuit, § 8.24(c) (1995). This instruction improperly states the mental element required for conviction--that Hansen either intended to kill the victim, or acted recklessly with "extreme disregard for human life." See Paul, 37 F.3d at 500 (emphasis added). Because acting with "reckless disregard" is a far less onerous standard than "recklessness with extreme disregard," this instruction was erroneous. See United States v. Shortman, 91 F.3d 80, 82 (9th Cir.1996). Moreover, this erroneous instruction created a substantial risk that the jury convicted Hansen of voluntary manslaughter without finding that the killing was either intentional or reckless with extreme disregard. See Paul, 37 F.3d at 500. The government's assertion that the omission of "extreme" from the instructions was harmless because there was sufficient evidence for the jury to find that Hansen intentionally killed the victim lacks merit. The evidence that the shooting was with the intent to kill was equivocal. Because the district court's failure to properly instruct the jury on the mental state requirement was error, Hansen's conviction for voluntary manslaughter is REVERSED.[1]
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Hansen's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hansen's remaining contentions are either mooted by our invalidation of her conviction or without merit