**Stephen MACK, Petitioner—Appellant,**

v.

**ATTORNEY GENERAL FOR the State of CALIFORNIA; A.K. Scribner, Warden, Respondents—Appellees,**

**and**

**George M. Galaza, Respondent.**

**No. 07–15017.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2008.*

Filed Feb. 19, 2008.

---

* The panel unanimously finds this case suitable for submission without oral argument. Fed.

 R.App. P. 34(a)(2).

Stephen Mack, Corcoran, CA, pro se.

Stephanie Adtraktas, San Francisco, CA, for Petitioner–Appellant.

Mary J. Graves, AGCA–Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: D.W. NELSON, KLEINFELD, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Stephen Mack appeals the district court order denying him habeas relief. Mack argues that 1) there is insufficient evidence to support his convictions for forgery and burglary; 2) the judge erroneously admitted prejudicial uncharged evidence; 3) the failure to raise a constitutional objection to hearsay evidence rendered his counsel ineffective; and 4) his sentence of fifty years to life, issued under California's recidivist statute, is cruel and unusual. We address Mack's arguments in turn, and affirm his conviction.

■■■ Mack waived his claim that there is insufficient evidence to support his forgery conviction. In state court he did not contest the sufficiency of evidence, and in district court his arguments challenged only the sufficiency relating to his burglary conviction. "Although we have discretion to review issues not raised below, we do so only in exceptional circumstances to prevent manifest injustice." *United States v. One 1978 Piper Cherokee Aircraft*, 91 F.3d 1204, 1209 (9th Cir.1996). No such injustice would arise here, because even if the arguments had not been waived, sufficient evidence supports Mack's conviction. Under California law, a person who, with intent to defraud, "signs the name of another person or of a fictitious person to . . . [a] receipt for money or goods [or a] bill of exchange" is guilty of forgery. Cal.Penal Code § 470. Similarly, any person who with intent to defraud "falsely makes, alters . . . passes or attempts or offers to pass, as true and genuine" such an item is guilty of forgery. *Id.* Mack signed a false name to a receipt for goods and tried to pass off the receipt as genuine. A rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt, so on habeas review this claim must fail. *Lewis v. Jeffers*, 497 U.S. 764, 781, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990).

■■ Sufficient evidence also supports Mack's burglary convictions. Under California law, Second Degree Burglary is the entry into a building with intent to commit theft or any felony. Cal.Penal Code §§ 459–60. Mack entered the Folsom Van Heusen outlet with an altered exchange form, which he intended to pass off as genuine. This evidence, plus evidence of similar prior acts, receipts and "booster bags" found in Mack's car, and testimony that Mack did not intend to pay for items in his bag would allow a rational juror to conclude that Mack entered American Outpost with intent to commit theft, forgery, and fraud.

■■ On habeas review, we will vacate a conviction on due process grounds if prejudicial evidence "so fatally infected the proceedings as to render them fundamentally unfair." *Jammal v. Van de Kamp*, 926 F.2d 918, 919 (9th Cir.1991). But Cal. Evid.Code § 1101(b) and Fed.R.Evid. 404(b) permit the admission of prior acts to establish a common plan, and introducing Mack's previous attempts to defraud retail stores through theft and dubious exchanges provided evidence of a common plan and did not render Mack's trial fundamentally unfair.

■■■ Mack's claim that his right to confrontation was violated by the admission of hearsay evidence also fails. The testimony by one store clerk that another worker in the shopping complex told her Mack was involved in "dirty business" was improperly admitted. Any error in admit-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ting this testimony was harmless, in light of all the other evidence that was introduced, as well as the weak probative force of the hearsay admitted.

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate that his representation fell below an objective standard of reasonableness guaranteed by the Sixth Amendment, and must also establish a reasonable probability that, but for the attorney's errors, the result would have been different. *Strickland v. Washington,* 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). On habeas review, petitioner must further show that the state court applied *Strickland* to the facts of the case in an objectively unreasonable manner. *Bell v. Cone,* 535 U.S. 685, 698–99, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002). Here, even if the vague and conclusory hearsay evidence had been properly excluded, that would not have altered the result of the trial. And while failure to raise a constitutional objection led to Mack's Confrontation Clause argument being deemed waived on appeal, the state and district court both reasonably applied *Strickland* when they determined the admission of this improper evidence was harmless. Thus, the failure by Mack's attorney to raise a constitutional objection to admission of this hearsay evidence did not deny Mack effective assistance of counsel.

A sentence imposed by a state court will be held contrary to, or an unreasonable application of, clearly established federal law in those "exceedingly rare" and "extreme" cases where the sentence is grossly disproportionate to the offense. *See, e.g., Lockyer v. Andrade,* 538 U.S. 63, 73, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). Mack, like the petitioner in *Lockyer,* was sentenced under California's recidivist

statute, or "three strikes" law, Cal.Penal Code § 667(b). In *Lockyer,* the Supreme Court held it was not an unreasonable application of clearly established law where the California Court of Appeal affirmed a sentence of two consecutive terms of twenty-five years to life for two felony counts of petty theft. *Lockyer,* 538 U.S. at 67–77, 123 S.Ct. 1166. Mack's current and prior convictions are more serious than those challenged in *Lockyer,* and his sentence runs the same length. Given that precedent, the state court's decision was neither contrary to nor an unreasonable application of federal law, so habeas relief is unavailable.

**AFFIRMED.**